No. 603
MILLER v. MINING CO.
Ohio Appeals, 7th Dist., Jefferson County
May 24, 1914

1101. SPECIFIC PERFORMANCE—Will not be granted where description and amount of land is uncertain. But if contract provides that one party may determine the amount the court will, under such determination, render a decree.

ROBERTS, J.            Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas, wherein Andy Miller, plaintiff, sought damages from the Great Lakes Coal Mining Coal Co., defendant, because of the accumulation of a pile of gob upon his land, due to the acts of the Mining Co. in mining coal uopn their land, which was adjacent to that of Miller. The Mining Co. filed an answer and cross-petition setting forth that its original grantor, who was also Miller's grantor, fixed an easement upon Miller's land in favor of the Mining Co.'s land which contained the following provision:

"And together with the right to use and occupy such amount of the surface of the above described land, as may in the opinion of said grantee, its successors and assigns, be necessary for the purpose of mining said coal."

The deed to the Mining Co. contained also the following provision respecting the owner of Miller's land:

"That he will, upon demand and payment of, not to exceed $80 per acre by the grantee . . . execute and deliver into said grantee . . . a good and sufficient deed of general warranty."

The Mining Co. had tendered a sum sufficient to pay Miller $80 per acre for his entire

## STATE COURT OF APPEALS—Continued

land of 10 and a fraction acres, and now prayed for an order compelling Miller to convey the land to it. The question of the Company's right to compel specific performance came on appeal to the Court of Appeals, which held:

A court of equity can afford no relief on a contract or agreement which is uncertain in its terms. But if the contract provides a means by which the terms may be made certain, equity will interfere. The terms of the deed in this case were certain in that the Company could determine how much land was necessary for the proper operation of its mines. In this case, no determination was made, but it is decided that the Mining Co. may have permission to amend its cross-petition making a definite selection of the land sought and a decree will then be entitled for specific performance.

(Attorneys not given.)